CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 27 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANK PAUL FERRARA,** | ) | Civil Action No. 7:13-cv-00602 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LORI B. SISSON, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Frank Paul Ferrara, a Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 and Virginia law. Plaintiff alleges that defendants Lori B. Sisson and Diana D. Moore, who are two state probation officers, failed to ensure Plaintiff's rehabilitation as required by state and federal laws. After reviewing Plaintiff's submissions, the court dismisses all claims without prejudice.

Defendant Sisson became Plaintiff's probation officer once Plaintiff was released from incarceration and into the community of Winchester, Virginia. Plaintiff believes that Sisson had a legal duty, pursuant to state and federal laws, to ensure his rehabilitation, which was best accomplished by transferring his supervision to Richmond, Virginia, where he could receive more support as a veteran of the armed services. Plaintiff further believes that Sisson breached that duty by keeping him in Winchester, where he was falsely accused of indecent exposure and re-incarcerated. Plaintiff seeks damages from Sisson and her supervisor, Diane D. Moore.

Plaintiff cannot proceed in this action against Defendants for Sisson's alleged breach of the duties as Plaintiff's probation officer because a claim of negligence does not state a violation of the Fourteenth Amendment's equal protection or due process clause. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (stating due process is not violated by negligent acts of state officials that cause unintended loss or injury); Morrison v. Garraghty, 239 F.3d 648, 654 (2001) (stating

an equal protection claim requires "intentional or purposeful" discrimination). Furthermore, Plaintiff cannot proceed via § 1983 against Moore merely because Moore is Sisson's supervisor. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978) (stating respondeat superior is not actionable via § 1983). Accordingly, Plaintiff's federal claims are dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claim related to the allegations in the Complaint, pursuant to 28 U.S.C. § 1367(c).

ENTER: This 27th day of January, 2014.

/s/ Michael F. Urbanski
United States District Judge

2